IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LOUIS J. CLAY, JR., #08452                                                      PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 3:08cv761-HTW-LRA

FORREST AL JOHNSON, Wilkinson County Circuit Judge;
"UNKNOWN" KING, Chief Justice Court of Appeals-Mississippi;
JAMES SMITH, Chief Justice Supreme Court-Mississippi;
and DAVID C. BRAMLETTE III, United States District Judge                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff, an inmate incarcerated at the Mississippi State Penitentiary, Parchman, Mississippi, has filed a complaint pursuant to 42 U.S.C. § 1983. The plaintiff is requesting as relief that this Court direct the defendants to comply with the "federal constitution and all procedures in that Clay be appointed counsel to file his direct appeal" as well as an "impartial tribune of Judges be appointed to hear his case."

### Background

The plaintiff states in his complaint the procedures used by the Mississippi state courts to appoint counsel to represent a defendant on a direct appeal violates the federal Constitution. As a result, plaintiff complains that he was not appointed counsel on direct appeal although he filed such requests in the state trial court, the Mississippi Court of Appeals and Supreme Court and the United States District Court for the Southern District of Mississippi. Plaintiff asserts that the denial of an appointment of counsel was a conspiracy which deprived him of his constitutional right to have an attorney appointed to represent him on direct appeal.

To support his allegations, plaintiff states that on or about July 2000, defendant Judge

Johnson allowed plaintiff's court appointed attorney to withdraw from representing him prior to filing his direct appeal, but denied plaintiff's subsequent motion for appointment of counsel. Plaintiff then filed a motion for appointment of counsel with the Mississippi Supreme Court which was denied on or about August 2000 by defendant Justice Smith. According to the plaintiff because defendant Judge King failed to appoint an attorney to represent the plaintiff as required by the Constitution, he filed his brief on direct appeal pro se which was noted by defendant Judge King. When he filed his petition for habeas corpus relief in this district court, he also filed a motion for appointment of counsel which was denied by defendant Judge Bramlette.[1] Once again, the plaintiff argues that his constitutional right to have an attorney appointed to represent him was violated.

Additionally, the plaintiff complains that the Mississippi rules and procedures relating to discovery, transcript and exhibits are not applied in a manner which is constitutional. Finally, he argues that the habitual offender statute of Mississippi violates the federal constitutional, "or is being applied in an unconstitutional manner, in that Clay is being held as an habitual offender which he is not."

<u>Analysis</u>

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a

---

[1] The plaintiff filed a petition for habeas relief in this Court on January 7, 2003, and it was assigned civil action number 5:03cv6-DCB-JCS. According to the docket, the plaintiff filed a motion for appointment of counsel [26] on October 10, 2003. An order [47] was entered on September 8, 2004, denying his motion for appointment of counsel [26]. A Report and Recommendation [56] was entered on February 14, 2006, recommending that the petition for habeas relief be dismissed with prejudice. The petition for habeas relief was then dismissed on March 29, 2006, by the judgment [60] which was entered.

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

2

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendants.

---

  (A) the allegation of poverty is untrue; or
  (B) the action or appeal--
    (i)  is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from
    such relief.

## Habeas or 42 U.S.C. § 1983

Initially, this Court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). Notwithstanding the manner in which the plaintiff presents his allegations in the instant complaint, it is clear that the plaintiff is challenging the proceedings relating to his criminal conviction for which he is presently incarcerated at the Mississippi State Penitentiary. See Compl. [1] p. 5. Additionally, this Court finds that the plaintiff is requesting that this Court grant habeas relief in the form of a retrial with "an impartial tribune of Judges." Therefore, this Court finds the plaintiff must pursue this matter though a request for habeas corpus relief.

Because the plaintiff has previously filed a petition for habeas relief in Clay v. Sparkman, 5:03cv6-DCB-JCS (S.D. Miss. Mar. 29, 2006),[3] and there is no indication that he has received authority from the United States Court of Appeals for the Fifth Circuit to file a second or successive habeas as required by 28 U.S.C. § 2244(b)(3), his habeas claims and request presented in the instant § 1983 civil action are dismissed and denied. See 28 U.S.C. § 2244(b)(1).

---

[3] The United States Court of Appeals for the Fifth Circuit's judgment [72] entered in this court on August 10, 2007, denied the plaintiff's motion for a Certificate of Appealability. On January 23, 2008, a letter [73] from the Fifth Circuit provided this district court with a copy of the text order filed by the United Supreme Court denying plaintiff's petition for a writ of certiorari.

For the forgoing reasons, the Court has also determined that the plaintiff's § 1983 complaint has no arguable basis in law or fact and is, thus, frivolous. Therefore, the plaintiff's complaint will be dismissed with prejudice.

Since this case will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "strike." If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

All pending motions are terminated with the issuance of this Memorandum Opinion.

A final judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 29th day of April, 2009.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:08-cv-761 HTW-LRA
Memorandum Opinion